UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
HAVE A NICE LIFE, INC., )
 )
                 Plaintiff, )  No. C06-0601RSL
 )
    v. )  ORDER GRANTING DEFENDANT'S
 )  MOTION TO TRANSFER
HOME BOX OFFICE, INC., )
 )
                 Defendant. )
_____)

        This matter comes before the Court on "Home Box Office, Inc.'s Motion for Transfer of Venue." Dkt. # 5. In its complaint, plaintiff seeks a declaration that its use of the domain name "sexandthecity.com" is not a violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) and injunctive relief to prevent the transfer of the disputed domain name to defendant. An almost identical suit is pending in the Eastern District of Virginia where the same parties are disputing the use and ownership of the domain name "sexinthecity.com." The suits were filed in Washington and Virginia in accordance with the permissive jurisdictional provision of the Uniform Domain Name Dispute Resolution Policy ("UDRP") Rule 1(a). Neither party resides in Washington or Virginia: the only connection to these states is the location of the domain name registrars.

        Defendant requests that this case be transferred to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses,

ORDER GRANTING DEFENDANT'S
MOTION TO TRANSFER

in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[1]  Defendant has the burden of showing that the overall convenience of the parties and witnesses, in the interests of justice, weighs in favor of transferring the above-captioned case to the United States District Court for the Eastern District of Virginia.  Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

Section 1404(a) is the statutory equivalent of the common law doctrine of *forum non conveniens* where the alternative forum is within the territory of the United States.  Ravelo Monegro v. Rosa, 211 F.3d 509, 512-13 (9th Cir. 2000).  "[T]he central focus of the *forum non conveniens* inquiry is convenience . . . ."  Piper Aircraft Co. v. Reyno, 454 U.S. 235, 248-49 (1981).  Generally, "a plaintiff's choice of forum should rarely be disturbed.  However, when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would 'establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience,' or when the 'chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems,' the court may, in the exercise of its sound discretion, dismiss the case."  Piper Aircraft, 454 U.S. a 241 (citations omitted).

Having reviewed the memoranda, declarations, and exhibits submitted in this matter as well as the motion to consolidate and transfer venue that plaintiff filed in the Eastern District of Virginia, the Court finds that neither of the two venues is particularly convenient for plaintiff.  These suits were initiated in Washington and Virginia only because UDRP Rule 1(a) provides for jurisdiction in those states, not because any parties, witnesses, or documents are located there.  According to the complaint, Have a Nice Life is a Florida corporation with its

---

[1] Plaintiff filed a "Motion to Consolidate and Transfer Venue" in the Virginia action on May 8, 2006.  That motion was denied on June 2, 2006, "for reasons stated from the Bench."  Have A Nice Life, Inc. v. Home Box Office, Inc., C06-0480 TSE/TRJ at Dkt. # 10.

The parties both agree that this action could have been brought in Virginia because defendant is subject to personal jurisdiction there and all federal courts have subject matter jurisdiction over cases arising under the Anti-Cybersquatting Consumer Protection Act.

ORDER GRANTING DEFENDANT'S
MOTION TO TRANSFER                    -2-

principal place of business in Florida.[2]  Whether this case is tried in Virginia or Washington, plaintiff will be required to travel significant distances in order to participate in court proceedings.  Nevertheless, the Court finds that Virginia would be a slightly more convenient venue because it is within the same time zone as Florida, thereby avoiding the difficulties in travel and communications caused by a three-hour time delay.  The same analysis applies to defendant, which is a New York corporation.  The private interest analysis is inconclusive, however, because this slight preference for Virginia is counterbalanced by plaintiff's rule-based choice of Washington as the situs of this litigation.

There being neither manifest oppression nor any evidence that Washington is more convenient for the witnesses or the parties, the Court turns to the public's interests.  As recognized by plaintiff, the purposes of § 1404(a) "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  Dkt. # 3 at 14 (citing Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotation marks omitted)).  Now that the district court in Virginia has denied plaintiff's motion to consolidate and transfer, the only means by which to avoid the duplication of evidentiary and judicial processes and to reduce the corresponding financial burdens on the public courts and the parties is to transfer this action to the Eastern District of Virginia.  Such a transfer will promote judicial efficiency and avoid the risk of inconsistent verdicts with virtually no adverse effects on the private interests of the parties.

---

[2]  Although it appears that one of plaintiff's shareholders and directors lives in Australia, his location is not particularly relevant given that Have a Nice Life is the owner of the disputed domain names.  Mr. Kotcher's contention that Have a Nice Life does not have any offices or employees in Florida is inconsistent with the representations plaintiff has made during the last two months to the Eastern District of Virginia, the Western District of Washington, the Florida Department of State, Division of Corporations, and plaintiff's customers.

ORDER GRANTING DEFENDANT'S
MOTION TO TRANSFER                -3-

For all of the foregoing reasons, defendant's request for a transfer is GRANTED. The Clerk of Court is directed to transfer this matter to the United States District of the Eastern District of Virginia as related to <u>Have A Nice Life, Inc. v. Home Box Office, Inc.</u>, C06-0480 TSE/TRJ.

DATED this 16th day of June, 2006.

_/s/ Robert S. Lasnik_
Robert S. Lasnik
United States District Judge